## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JAMES GOODMAN AND DOMINIC SCHROEDER, Individually and on Behalf of All Others Similarly Situated, | ) Case No.: 19-cv-399 |
| | ) |
| | ) **CLASS ACTION COMPLAINT** |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **Jury Trial Demanded** |
| RESTAURANT DEPOT, LLC, AND JETRO HOLDINGS LLC, | ) |
| | ) |
| Defendant. | ) |

## INTRODUCTION

1.     This class action seeks redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), Wis. Stat. §§ 103.02, 104.09, and 109.03, and Wis. Admin. Code §§ DWD 272.10, 272.11(1), 274.03, and 274.06.

## JURISDICTION AND VENUE

2.     The court has jurisdiction to grant the relief sought by Plaintiffs pursuant to pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

3.     The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this federal judicial District pursuant to 28 U.S.C. § 1391(c)(2) because defendant is subject to personal jurisdiction in this District.

## PARTIES

5.     Plaintiff James Goodman is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

6.     Plaintiff Dominic Schroeder is an individual who resides in the Eastern District of Wisconsin (Washington County).

7.     Defendant Restaurant Depot, LLC is a foreign limited liability company with its principal place of business located at 15-24 132nd Street, College Point, New York 11356. Its registered agent is located within the Western District of Wisconsin.

8.     Defendant Jetro Holdings, LLC is a foreign limited liability with its principal place of business located at 15-24 132nd Street, College Point, New York 11356.  It does not have a registered agent for service of process within the State of Wisconsin. Upon information and belief, Jetro Holdings LLC is an affiliate of Restaurant Depot LLC.

9.     Jetro Holdings LLC paid the wages of the Plaintiffs, and through ADP, issued earnings statements.  Defendants herein are collectively referred to as "Restaurant Depot."

10.     Plaintiff were "employees" as defined by 29 U.S.C. § 203(e)(1), in that Defendant permitted them to work for it in a variety of capacities, as well as Wis. Stats. §§ 103.001(5), 104.01(2), and 109.01(1r).

11.     As required by 29 U.S.C. § 216(b), Plaintiffs have consented in writing to be a party plaintiff in this action and the written consent forms are attached hereto as Exhibits A and B.

12.     Restaurant Depot is an "employer" as defined by 29 U.S.C. § 203(d), Wis. Stat. §§ 103.001(6), and 109.01(2) in that Restaurant Depot permitted Plaintiff to work in its facilities.

## FACTS

10.     Restaurant Depot is an independent distributor of restaurant supplies, with over 130 service centers located throughout the United States.

11.     Upon information and belief, Restaurant Depot employs over one thousand employees.

Plaintiff James Goodman

12.     On or about April 15, 2018, Plaintiff James Goodman commenced working for Restaurant Depot in Milwaukee, Wisconsin.  He began work as a cashier, and generally worked 40 hours per week.

13.     When he was hired, he was told by management that his initial salary would $10.00 per hour, and that after sixty days, it would be raised to $10.50 per hour.

14.     One week after starting, he was given the opportunity to work in the Seafood Department, by Branch Manager Al Savinski.  He was told that upon accepting, he would receive an immediate pay raise to $10.75 per hour.  Further, Al Savinski stated after he completed sixty days of employment, his hourly salary would increase to $11.00 per hour.

15.     Plaintiff Goodman accepted that position based upon management's representation.

16.     Despite accepting the new position and working in seafood, Plaintiff Goodman's paychecks did not reflect his properly hourly rate of $10.75 per hour.  Plaintiff Goodman initially pointed this out this error to the Human Resources Manager named Linda, last name unknown.

17.     Despite these complaints, the error was not fixed.

18.     Beginning in June 2018, Plaintiff Goodman's salary was $11.00 per hour, but his paycheck still reflected the original $10.00 per hour.

19.     For the pay period covering July 13, 2018, and thereafter, Plaintiff Goodman, found his salary raised to $10.50 per hour.  However, it still was not the accurate pay rate of $11.00 per hour, and Plaintiff Goodman was not compensated the prior incorrect paychecks.

3

20.     Plaintiff Goodman complained against to Human Resource Manager Linda, and she informed Plaintiff Goodman that the raise from $10.00 to $10.50 was a Union raise.

21.     On or about August 12, 2018, Al Savinski was terminated as Branch Manager.

22.     Plaintiff Goodman continued to protest to management, including Tim, a Regional Manager.

23.     During this time frame, Plaintiff Goodman worked over forty hours per week on numerous occasions.  He was paid overtime based on his incorrect hourly rate, and he did not receive all of the overtime pay he was entitled to.

24.     Also in early August, 2018, Restaurant Depot, through Human Resource Manager Linda, announced an incentive award of $1,000 to be paid to each employee who remained with the Restaurant Depot through October 1, 2018.

25.     Plaintiff James Goodman remained employed by Restaurant Depot through October 1, 2018, but he did not receive the incentive award.

Plaintiff Dominic Schroeder

26.     Plaintiff Dominic Schroeder began working for Restaurant Depot in February, 2018.  His initial rate of pay was $9.50 per hour.

27.     At the time of his hire, Branch Manager Al Savinski informed Mr. Schroeder that his pay rate would be increased to $11.00 per hour starting in May, 2018.

28.     However in May 2018, Mr. Schroeder received a raise to $9.75 per hour.  In May, 2018, Mr. Schroeder complained to Branch Manager Al Savinski, who promised to have payroll correct the error.  No correction was ever made.

29.     In July, 2018, Mr. Schroeder's pay rate was adjusted to $10.00 per hour, but it was never raised to the $11.00 an hour as established by Branch Manager Al Savinski.

30.     During this time frame, Plaintiff Schroeder worked over forty hours per week on many occasions.  He was paid overtime based on his incorrect hourly rate, and he did not receive all of the overtime pay he was entitled to.

31.     Also in early August, 2018, Restaurant Depot, through Human Resource Manager Linda, announced an incentive award of $1,000 to be paid to each employee who remained with the Restaurant Depot through October 1, 2018.

32.     Plaintiff Dominic Schroeder remained employed by Restaurant Depot through October 1, 2018, but he did not receive the incentive award.

33.     29 U.S.C. § 207(a)(1) provides:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

34.     29 U.S.C. §§ 211(c) provides:

Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders there-under. The employer of an employee who performs substitute work described in section 207(p)(3) of this title may not be required under this subsection to keep a record of the hours of the substitute work.

35.     29 U.S.C. § 215(a)(5) provides that it shall be unlawful "to violate any of the provisions of section 211(c) of this title."

36.     Wis. Stats. § 103.02, in relevant part, provides:

…. The department shall, by rule, classify such periods of time into periods to be paid for at regular rates and periods to be paid for at the rate of at least one and

one-half times the regular rates. Such investigations, classifications and orders shall be made as provided in s. 103.005 and the penalties under s. 103.005 (12) shall apply to and be imposed for any violation of ss. 103.01 to 103.03….

37.     Wis. Stats. § 104.09 provides:

Each employer shall keep a record of the names and addresses of all student learners and employees, the hours of employment and wages of each, and such other records pertaining to ability as the department requires, except that an employer is not required to keep a record of the hours of employment of an employee who is exempt under rules promulgated by the department from the requirement under s. 103.02 that an employee be paid overtime compensation, as defined in s. 103.025 (1) (c), and who is not compensated on an hourly rate basis.

38.     Wis. Stats. § 109.03, in relevant part, provides: "Every employer shall as often as monthly pay to every employee engaged in the employer's business, except those employees engaged in logging operations and farm labor, all wages earned by the employee to a day not more than 31 days prior to the date of payment."

39.     Wis. Admin. Code § DWD 272.10, in relevant part, provides: "An employer shall state clearly on the employee's paycheck, pay envelope, or paper accompanying the wage payment the number of hours worked, the rate of pay and the amount of and reason for each deduction from the wages due or earned by the employee…."

40.     Wis. Admin. Code § DWD 272.11(1) provides: "Every employer shall make and keep for at least 3 years payroll or other records for each of their employees which contain: …. (d) Time of beginning and ending of work each day. …. (f) Total number of hours worked per day and per week."

41.     Wis. Admin. Code § DWD 274.03 provides: "Except as provided in s. DWD 274.08, each employer subject to this chapter shall pay to each employee time and one-half the regular rate of pay for all hours worked in excess of 40 hours per week."

42.     Wis. Admin. Code § DWD 274.06 provides:

6

Except as provided in s. DWD 274.08, each employer shall keep permanent records for at least 3 years, available for inspection and transcription by a duly authorized deputy of the department, showing the name and address of each employee, the hours of employment and wages of each and such other records as the department may require.

## COUNT I – WAGE CLAIM

43.    Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

44.    Retention bonuses are wages pursuant to Wis. Stats. § 109.01(3), which specifically includes "bonuses" within the definition of wages.

45.    Plaintiffs satisfied the Defendant's announced conditions for earning the retention bonuses.

46.    Defendant refused to pay the retention bonuses.

47.    Plaintiffs have a statutory right to sue for payment of wages.   Wis. Stats. § 109.03(5).

48.    Plaintiffs have been injured by Defendant's refusal to pay wages.

## COUNT II – WAGE CLAIM

49.    Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

50.    Plaintiffs were entitled to be paid at the rates contracted for with Defendant.

51.    Defendants have failed to pay Plaintiffs their wages earned pursuant to Wis. Stat. §§ 104.02 and 109.03, and Wis. Admin. Code § DWD 272.03 by not compensating them at the rates agreed to by the Plaintiffs and the Defendant.

## COUNT III – OVERTIME

7

52.     Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

53.     During the three (3) years preceding this action, or since the commencement of employment (whichever is applicable), Defendant has failed to pay Plaintiffs and the Class Members earned retention bonuses.

54.     As a matter of law, the retention bonuses must be included when calculating the "regular rate of pay."   See 29 U.S.C. § 207(e)(3).

55.     Defendant failed to account for the retention bonuses in Plaintiffs' regular rate of pay, and therefore, Defendant has failed to pay Plaintiffs and the Class Members at the rate of one and one half (1 1/2) times their regular hourly rate of pay for all hours that they worked in excess of 40 hours in a single week, as required under 29 U.S.C. § 207(a) and Wis. Admin DWD §274.03.

56.     Defendant's violation of 29 U.S.C. § 207(a) is "willful" within the meaning of 29 U.S.C. § 255(a).

## CLASS ALLEGATIONS

57.     Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were employed by Restaurant Depot, Inc. as an hourly employee, (c) within the last three (3) years, inclusive.

58.     The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

59.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions include, but are not limited to: (a) Whether Defendant paid

earned incentive bonuses, and the correct regular rate of pay to Plaintiff and other members of the putative class; (b) Whether Restaurant Depot employed Plaintiffs and class members within the meaning of the FLSA and Wisconsin law; and (c) Whether Restaurant Depot failed to keep adequate records of the hours worked and agreed upon regular rate of pay by Plaintiffs and other class members.

60.     Plaintiffs' claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

61.     Plaintiffs will fairly and adequately represent the interests of the Class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

62.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

63.     Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     attorneys' fees, litigation expenses and costs of suit; and

(d)     such other or further relief as the Court deems proper.

Dated: May 15, 2019

**ADEMI & O'REILLY, LLP**

By:     /s/ Robert K. O'Reilly_____

Robert O'Reilly (SBN 1027032)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
Phone No.: 414-482-8000
Fax No.: 414-482-8001
roreilly@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com